IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNSON W. GREYBUFFALO,
#229871,

               Plaintiff,                         ORDER

      v.                                       06-cv-504-bbc

PHIL KINGSTON, in his individual and
official capacities as Warden of Waupun
Correctional Institution;
BRUCE MURASKI, in his individual and
official capacities;
CYNTHIA CLOUGH, in her individual and
official capacities;
CORRECTIONAL OFFICER BRET MIERZEJEWSKI,
in his individual and official capacities; and
WILLIAM SCHULTZ, in his individual
and official capacities,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Prisoner Johnson Greybuffalo brought this case to challenge discipline that he received for possessing two documents: (1) a piece of paper including the letters "A.I.M.," an abbreviation for the "American Indian Movement" ; and (2) a code of ethics for a group called the "Warrior's Society." In an order dated September 18, 2007, I concluded that prison officials violated plaintiff's rights under the First Amendment by punishing his possession of the "A.I.M." document, but that it was reasonable for them to censor the

"Warrior's Society" document because of the group's association with violence and other illegal activity. Dkt. #31. Judgment was entered the following the day. Dkt. #32.

Now plaintiff has filed what he calls a "motion for a temporary restraining order," in which he alleges that prison officials have confiscated various publications from him on the ground that they are related to the "sovereign citizen" movement. Dkt. #47. Plaintiff says that he "has litigated this issue in front of this Court before and won partially summary judgment on this very fact." Dkt. #48. He asks the court to restrain "them" from disciplining him for possessing the publications. Id.

I am denying plaintiff's motion because it was not filed properly in this case. As noted above, the only issue in this case on which plaintiff prevailed was whether he could be disciplined for possessing a document with the letters "A.I.M." written on it. Although plaintiff does not describe the contents of the publications that were confiscated from him, he does not allege that they had anything to do with the American Indian Movement and he does not allege that any of the defendants in this case were involved in confiscating the publications. Plaintiff cannot use this case as a vehicle to litigate a new issue simply because both incidents involved censorship.

If plaintiff wishes to challenge the actions described in his motion, he will have to do so in a new lawsuit. Further, if he is unable to prepay the filing fee in full, he will also need to file a request to proceed in forma pauperis under 28 U.S.C. § 1915 and a trust fund account statement so that the court can assess an initial partial payment of the filing fee. I am attaching the relevant forms to this order.

ORDER

IT IS ORDERED that plaintiff Johnson Greybuffalo's motion for a temporary restraining order, dkt. #47, is DENIED.

Entered this 28th day of October, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge